UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EDWARD ELLIS, JR.
and TINA ELLIS, his wife,

    Plaintiffs,

v.        CIVIL ACTION NO.: 5:15-cv-16228

PINNACLE MINING COMPANY,
LLC, a foreign limited liability company,
CLIFFS NATURAL RESOURCES
INC., a foreign corporation, CLIFFS
NORTH AMERICAN COAL LLC,
a foreign limited liability company,
CLIFFS LOGAN COUNTY COAL,
LLC, a foreign limited liability company,
CLIFFS WEST VIRGINIA COAL
INC., a foreign corporation, and
CLIFFS MINING SERVICES
COMPANY, a foreign corporation.

    Defendants.

## AMENDED COMPLAINT

For their Amended Complaint against the Defendants, the Plaintiffs state and allege as follows:

## PARTIES

1. At all times relevant herein, the Plaintiffs, Edward Ellis, Jr. and Tina Ellis, his wife, were residents and citizens of Justice, Mingo County, West Virginia.

2. At all times relevant herein, Defendant Pinnacle Mining Company, LLC ("Pinnacle") was a foreign limited liability company, formed in the State of Delaware, and authorized to do business in the State of West Virginia and doing business near Pinnacle in

Wyoming County, West Virginia. Its agent and address for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

3. At all times relevant herein, Defendant Cliffs Natural Resources Inc. was a foreign corporation, formed in the State of Ohio, and was not authorized to do business in the State of West Virginia. Nevertheless, Cliffs Natural Resources Inc. was doing business near Pinnacle in Wyoming County, West Virginia. Its agent and address for service of process is James D. Graham, 200 Public Square Suite 3300, Cleveland, OH 44114.

4. At all times relevant herein, Defendant Cliffs North American Coal LLC was a foreign limited liability company, formed in the State of Delaware, and authorized to do business in the State of West Virginia and doing business near Pinnacle in Wyoming County, West Virginia. Its agent and address for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

5. At all times relevant herein, Defendant Cliffs Logan County Coal, LLC was a foreign limited liability company, formed in the State of Delaware, and authorized to do business in the State of West Virginia and doing business near Pinnacle in Wyoming County, West Virginia. Its agent and address for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

6. At all times relevant herein, Defendant Cliffs West Virginia Coal Inc. was a foreign corporation, formed in the State of Delaware, and authorized to do business in the State of West Virginia and doing business near Pinnacle in Wyoming County, West Virginia. Its agent and address for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

7. At all times relevant herein, Defendant Cliffs Mining Services Company was a

foreign corporation, formed in the State of Delaware, and authorized to do business in the State of West Virginia and doing business near Pinnacle in Wyoming County, West Virginia. Its agent and address for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

8. The Defendants, Cliffs Natural Resources Inc., Cliffs Mining Services Company, Cliffs West Virginia Coal Inc., Cliffs Logan County Coal, LLC, Cliffs North American Coal LLC, will hereinafter be collectively referred to as the "Cliffs Defendants."

9. Upon information and belief, the Plaintiff, Edward Ellis, Jr., at all times relevant, was employed by the Defendant Pinnacle as a general laborer at it and the Cliffs Defendants' Pinnacle Mine near Pinnacle, Wyoming County, West Virginia.

10. The events giving rise to this cause of action occurred at the Defendants' Pinnacle Mine near Pinnacle, Wyoming County, West Virginia.

11. Upon information and belief, at all times relevant herein, the Defendants were engaged in underground mining operations, including directing, controlling, owning, managing and/or supervising underground mining activities at their Pinnacle Mine near Pinnacle, Wyoming County, West Virginia.

12. Upon information and belief, at all times relevant herein, the Defendants engaged in the interchanging of equipment, materials, supplies, finances and employees, and all of them shared a common purpose, including the production and sale of coal from the Pinnacle Mine.

13. Upon information and belief, at all times relevant herein, the Defendants were agents, servants and employees, one of the other, and each is responsible for the acts and conduct of the other complained of herein as if performed by itself.

14. At all times relevant herein, Defendants were acting for and on their own behalves

and on behalf of each other.

## FACTS

15. On or about August 3, 2013, while in the course of his employment with the Defendants, at the beginning of his shift, the Plaintiff was traveling on the back of a mantrip operated by a co-worker, Ronnie Walters.

16. On or about August 3, 2013, as the Plaintiff and his co-workers were traveling on the mantrip from the sizer toward the slope bottom, they encountered an area in the mine roof that protruded into the travel path of the mantrip and exposed the workers to a high risk of serious injury or death from being struck by the roof protrusion.

17. On and before August 3, 2013, the Defendants failed to ensure that the Plaintiff and other employees had the proper safety equipment, including, but not limited to, a safe and proper hardhat.

18. On and before August 3, 2013, The Defendants failed to provide a canopy or other overhead protection on their mantrip that would prevent employees from coming in contact with the mine roof while riding in a mantrip.

19. On and before August 3, 2013, The Defendants failed to provide warning signs alerting employees that mine roof protrusions in the area in which Plaintiff was injured were likely to strike employees while traveling in that area.

20. Prior to August 3, 2013, the Plaintiff and other mine employees had complained numerous times, both to mine management and other mine employees who operated the mantrip in that area of the mine, that the variation in the height of the mine roof and the track conditions presented a high degree of risk of serious injury to workers and warranted reducing the mantrip speed in that area and of the danger of operating the mantrips at unsafe speeds.

21.     On and before August 3, 2013, Plaintiff Edward Ellis, Jr. and other employees warned the defendants that the employees who operated the mantrip drove it at unsafe speeds that were not consistent with the condition of the mine roof and the track conditions and that it created a dangerous condition in said mine.

22.     On and before August 3, 2013, the defendants routinely and repeatedly exposed their workers, including Plaintiff Edward Ellis, Jr., to a high risk of serious injury or death by allowing employees who operated the mantrip to drive it at unsafe speeds.

23.     As a direct and proximate result of the Defendants' actions and misconduct, Plaintiff Edward Ellis, Jr.'s head crashed into the mine roof that protruded into the travelway of the mantrip causing the severe temporary and permanent injuries and damages including, but not limited to, the following:

    (a)     Hyperflexion injury at C3-C4, resulting in central cord syndrome;

    (b)     Traumatic brain injury, resulting in loss of consciousness;

    (c)     Injuries to both shoulders;

    (d)     Lacerations and bruises on face and torso;

    (e)     Severely impaired mobility;

    (f)     Severely impaired activities of daily living;

    (g)     Headaches;

    (h)     Urinary and bowel incontinence;

    (i)     Permanent scarring;

    (j)     Permanent physical impairment;

    (k)     Extreme intolerable physical pain and suffering, past, present and future;

(l) Extreme mental anguish and suffering;

(m) Post-traumatic stress disorder;

(n) Nervousness and anxiety;

(o) Depression;

(p) Sleeplessness and nightmares;

(q) Loss of wages and benefits, past, present and future;

(r) Loss of future earning capacity;

(s) Loss of capacity to enjoy life;

(t) Past medical expenses in the amount of approximately $1,000,000;

(u) Future medical expenses;

(v) Annoyance and inconvenience; and

(w) Various other out-of-pocket expenses and damages.

## COUNT I

### Deliberate Intent Against Pinnacle

24. Plaintiffs restate and reallege paragraphs 1 through 23 as if set forth herein verbatim.

25. On or about August 3, 2013, Defendant Pinnacle Mining Company, LLC, (hereinafter "Pinnacle") as the employer of Plaintiff, Edward Ellis, Jr., violated West Virginia Code §23-4-2(d)(2) in that it consciously, subjectively and deliberately formed the intention to produce the specific result of the injuries suffered by the Plaintiff.

26. On or about August 3, 2013, Defendant Pinnacle, as the employer of Plaintiff, Edward Ellis, Jr., violated West Virginia Code §23-4-2(d)(2)(ii) in that:

(a) A specific unsafe working conditions that existed at Defendant Pinnacle's underground mine, as described herein, and to which Plaintiff Edward Ellis, Jr. was exposed, presented a high degree of risk and strong probability of serious injury or death;

(b) Prior to plaintiff's injury, Defendant Pinnacle had actual knowledge of the existence of such specific unsafe working conditions and the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working conditions;

(c) Such specific unsafe working conditions and unsafe work practices as set herein were in violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the mining industry or business of Defendant Pinnacle, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(d) Notwithstanding its knowledge and appreciation of these specific unsafe working conditions set forth herein, Pinnacle nevertheless intentionally thereafter exposed Plaintiff Edward Ellis, Jr. to the specific unsafe working conditions;

(e) Plaintiff Edward Ellis, Jr. suffered serious compensable injuries as described in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

27. As a direct and proximate result of Defendant Pinnacle's actions and conduct, on or about August 3, 2013, Plaintiff sustained the severe permanent injuries and damages described herein.

## COUNT II

### Unsafe Workplace/Negligence Against Non- Employers Defendants

28. Plaintiffs restate and reallege paragraphs 1 through 27 as if set forth herein verbatim.

29. Upon information and belief, the Cliff Defendants were non-employers of the Plaintiff at the time of the events giving rise to this cause of action. Nevertheless, the Cliffs Defendants were engaged in, among other things, the production of coal at the Pinnacle Mine near Pinnacle, Wyoming County, West Virginia and controlled, operated, leased and/or managed the activities at that coal mine, in among other things, the production of coal, the maintenance and care of machinery and premises, the operating budget, and the safety and training of personnel.

30. At all times relevant, the Cliffs Defendants, had the right of control and exercised control over the operation of their Pinnacle Mine near Pinnacle, Wyoming County, West Virginia and as such, had the non-delegable duty to provide plaintiff and other workers with a reasonably safe place to work, and thereby had the duty to exercise reasonable care in ensuring that the plaintiff and other workers were provided with a reasonably safe place to work and that its mine entries, roof conditions, personal protective equipment and mantrips were maintained and used in a reasonably safe condition and manner.

31. The Cliffs Defendants as the owners, occupiers and/or party responsible for safety management and oversight of their Pinnacle Mine near Pinnacle, Wyoming County, West Virginia at which the plaintiff was working at the time of the events giving rise to this cause of action, owed to the plaintiff a non-delegable duty to provide him with a safe place to work and to provide for the exercise of ordinary care for the safety of all individuals at the coal mine.

32. The Cliffs Defendants negligently and carelessly failed to provide the plaintiff and other workers with a reasonably safe place to work at their Pinnacle Mine near Pinnacle, Wyoming County, West Virginia which it controlled, in that their mine entries, roof conditions, personal protective equipment and mobile equipment were not maintained and operated in a reasonably safe condition and manner or in compliance with state and federal mine safety regulations and thereby failed to exercise reasonable care to provide a reasonably safe place to work for the plaintiff and others and to protect them from working in an area of eminent danger as described herein.

33. As a direct and proximate result of the Cliffs Defendants' actions and misconduct and their failure to provide a reasonably safe place to work, free of unnecessary and unreasonable hazards, the plaintiff sustained the severe permanent injuries and damages described herein.

## COUNT III

### Deliberate Intent the Cliffs Defendants

34. Plaintiffs restate and reallege paragraphs 1 through 33 as if set forth herein verbatim.

35. In the alternative, one of more of the Cliffs Defendants employed the plaintiff at the time of the events giving rise to this cause of action.

36. On or about August 3, 2013, the Cliffs Defendants, as the employers of Plaintiff Edward Ellis, Jr., violated West Virginia Code §23-4-2(d)(2) in that they consciously, subjectively and deliberately formed the intention to produce the specific result of the injuries suffered by the Plaintiff.

37. On or about August 3, 2013, the Cliffs Defendants, as the employers of Plaintiff Edward Ellis, Jr., violated West Virginia Code §23-4-2(d)(2)(ii) in that:

(a) A specific unsafe working conditions that existed at their underground mine, as described herein, and to which Plaintiff Edward Ellis, Jr. was exposed, presented a high degree of risk and strong probability of serious injury or death;

(b) Prior to plaintiff's injury, the Cliffs Defendants had actual knowledge of the existence of such specific unsafe working conditions and the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working conditions;

(c) Such specific unsafe working conditions and unsafe work practices as set herein were in violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the mining industry or business of the Cliffs Defendants, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(d) Notwithstanding its knowledge and appreciation of these specific unsafe working conditions set forth herein, the Cliffs Defendants nevertheless intentionally thereafter exposed Plaintiff Edward Ellis, Jr. to the specific unsafe working conditions;

(e) Plaintiff Edward Ellis, Jr. suffered serious compensable injuries as described in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

38. As a direct and proximate result of the Cliffs Defendants' actions and conduct, on or about August 3, 2013, Plaintiff sustained the severe permanent injuries and damages described herein.

## COUNT IV

39. Plaintiffs restate and reallege paragraphs 1 through 38 as if set forth herein verbatim.

40. As a further and proximate result of the actions and misconduct of the Defendants as described herein, Plaintiff Tina Ellis has been deprived by the loss of society, companionship and consortium of her husband, Edward Ellis Jr.

41. Plaintiff Tina Ellis has spent many hours transporting her husband to and from various medical clinics and hospitals. Additionally, Tina Ellis has been required to provide medical assistance within her abilities to her husband, Edward Ellis, Jr., as well as performing an inordinate amount of household duties due to her husband's injuries.

42. Plaintiff Tina Ellis alleges that, as a direct and proximate result of the Defendants' actions and inactions, she has suffered mental distress, anguish and an inordinate increase of duties around her home and in her family life.

43. As a direct and proximate result of the negligent and careless acts of the Defendants as described here, Plaintiff Tina Ellis has suffered damages and will continue to do so in the future.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully demand judgment against the defendants, Pinnacle Mining Company, LLC, Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal, LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services

Company, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury according to the laws of the State of West Virginia, with additional amounts for attorney fees, costs associated with the prosecution of this case, pre-judgment and post-judgment interest to the full extent permitted under law, and for any other relief the Court deems just and proper.

      PLAINTIFFS DEMAND A TRIAL BY JURY.

                                **EDWARD ELLIS, JR. and**
                                **TINA ELLIS,**
                                By Counsel.

<u>s/J. Kristofer Cormany</u>
J. Kristofer Cormany (WVSB #7665)
Cormany Law, PLLC
P. O. Box 11827
Charleston, WV 25339
(304) 720-3566

and

Pamela A. Lambert (WVSB #2128)
Karen S. Hatfield (WVSB #12217)
LAMBERT LAW OFFICE
P.O. Drawer 926
Gilbert, WV 25621
304-664-3096

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**EDWARD ELLIS, JR.**
**and TINA ELLIS, his wife,**

        **Plaintiffs,**

v.                                 CIVIL ACTION NO.: 5:15-cv-16228

**PINNACLE MINING COMPANY,**
**LLC, a foreign limited liability company,**
**CLIFFS NATURAL RESOURCES**
**INC., a foreign corporation, CLIFFS**
**NORTH AMERICAN COAL LLC,**
**a foreign limited liability company,**
**CLIFFS LOGAN COUNTY COAL,**
**LLC, a foreign limited liability company,**
**CLIFFS WEST VIRGINIA COAL**
**INC., a foreign corporation, and**
**CLIFFS MINING SERVICES**
**COMPANY, a foreign corporation.**

        **Defendants.**

## CERTIFICATE OF SERVICE

    I, J. Kristofer Cormany, counsel for the Plaintiffs, do hereby certify that the foregoing "Amended Complaint " was filed with the Clerk of the Court using the CM/ECF System on January 20, 2016.  With copies sent to the following:

        H. Dill Battle, III, Esq.
        Gordon L. Mowen, II, Esq.
        300 Kanawha Boulevard, East
        P. O. Box 273
        Charleston, WV 25321-0273

                                s/J. Kristofer Cormany
                                J. Kristofer Cormany