IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EDWARD ELLIS, JR., et al.,

                Plaintiffs,

v.                                                                                       CIVIL ACTION NO.  5:15-cv-16228

PINNACLE MINING COMPANY,
LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company LLC's Joint Motion for Summary Judgment* (Document 100) and *Memorandum of Law in Support* (Document 101), the Plaintiffs' *Response to Defendants Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company LLC's Joint Motion for Summary Judgment* (Document 127) and *Memorandum of Law in Opposition* (Document 128), and *Defendants Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company LLC's Reply to Plaintiffs' Memorandum of Law in Opposition to Motion for Summary Judgment* (Document 149), as well as all attached exhibits.  In addition, the Court has reviewed the Plaintiffs' *Motion for Leave to File Surreply in Opposition to Cliffs Natural Resources Inc., Cliffs North American Coal*

LLC, Cliffs Logan County Coal, LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company's Motion for Summary Judgment* (Document 152) and all attachments, including the *Plaintiffs' Surreply in Response to Cliffs Defendants' Reply Related to Cliffs Defendants' Motion for Summary Judgment* (Document 152-1). For the reasons stated herein, the Court finds that the motion for summary judgment should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs, Edward Ellis and his wife, Tina Ellis, initiated this action in the Circuit Court of Wyoming County on August 3, 2015. They named as Defendants Pinnacle Mining Company, LLC (Pinnacle), Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal, LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company (collectively, "Cliffs Defendants"). The Defendants removed the matter to federal court on December 17, 2015, asserting diversity jurisdiction. The Plaintiffs filed an *Amended Complaint* (Document 18) on January 20, 2016, asserting the following causes of action: (1) Deliberate Intent – Pinnacle; (2) Unsafe Workplace/Negligence – Cliffs Defendants; (3) Deliberate Intent – Cliffs Defendants; (4) Loss of Consortium – all Defendants, on behalf of Tina Ellis.

The Court set forth the facts and evidence regarding Mr. Ellis' substantive claims in detail in a *Memorandum Opinion and Order* resolving cross motions for summary judgment by Mr. Ellis and Pinnacle. In summary, Mr. Ellis was employed by Pinnacle as a general laborer at Pinnacle Mine, beginning in April 2013. Although Mr. Ellis had his foreman certification, he was hired as an hourly worker on the evening shift. On August 3, 2013, while riding in a mantrip, Mr. Ellis hit his head on a protruding roof bolt. The accident occurred at "Break 142," an area along the track where clearance decreased from over six feet to under five feet. There were no signs or

2

reflectors to warn miners of the reduction in roof height. In addition, Mr. Ellis' hardhat was not compliant with current standards and regulations. He suffered serious, permanent injuries, and will require a wheelchair for the rest of his life.

Pinnacle is a subsidiary of Cliffs North American Coal LLC, which is a subsidiary of CLF Pinnoak LLC, which is in turn a subsidiary of Cliffs Mining Company. Cliffs Natural Resources, Inc. is the ultimate parent company. According to David Webb, the Vice President of Coal Operations for Cliffs Natural Resources, Pinnacle owned the Pinnacle Mine and the equipment used at the mine. Mr. Webb received updates on safety issues, accidents, and citations, but did not exercise "direct control over Pinnacle Mining Company, LLC's day-to-day obligation to comply with required safety regulations." (Webb Aff. at ¶ 6) (Document 100-1.) Some Pinnacle miners indicated that Pinnacle was a Cliffs' mine or that Cliffs owned the mine.[1] Jonathon Lee Lester, then the General Manager of Pinnacle, also testified that Cliffs owned the mine, although he indicated that he did not have knowledge of the legal structure.

Mr. Lester explained that some policies and forms used at Pinnacle are on Cliffs' letterhead, and indicated that Cliffs approved the Track Haulage Plan developed at the Mine Safety and Health Administration's (MSHA's) direction after Mr. Ellis' accident. Dave Meadows, Safety Manager for Pinnacle, indicated prior operators originally developed some policies and other documents, which were updated over the years. Cliffs adopted those documents when it purchased Pinnacle. Pinnacle's safety department employees "answered up through the chain directly to Cliffs Lead Safety." (Lester Depo. at 48::7-8) (Document 127-4.) Mr. Lester himself was employed by Pinnacle, but reported to a vice president at Cliffs. Members of the Cliffs Safety

---

[1] While the miners' statements do not support any conclusions regarding the legal structure or legal ownership of the mine, they are relevant insofar as they may reflect Cliffs' presence and/or role in operating the mine.

Department made visits to the Pinnacle Mine for "[a]udits, safety visits, recordkeeping, [and] training." (*Id.* at 49:23.) In addition, Cliffs' maintenance employees, executive leaders, employees in the Business Improvement group, and information technology employees came to the Pinnacle Mine regularly. Mr. Lester agreed that "the Cliffs' people had an active involvement in sort of all phases of production…at the mine." (*Id.* at 52::5-9.) Someone from Cliffs put tracking devices in each miner's hardhat, including the one Mr. Ellis brought in to begin using about a week before his accident. Ronnie Walters, who drove the mantrip Mr. Ellis was injured on, testified that a manager from Cliffs conducted safety meetings with miners that included reference to the low clearance at Break 142. (R. Walters Depo. at 8:8–9:23) (Document 127-7.)

The Cliffs Defendants filed their motion for summary judgment on November 28, 2016. The Plaintiffs responded on December 12, 2016. The Cliffs Defendants filed their reply on December 19, 2016, and the Plaintiffs filed their motion seeking to file a surreply on December 21, 2016. The motion is fully briefed.

**STANDARD OF REVIEW**

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-*

*Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).  A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23.  When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.  *Hoschar*, 739 F.3d at 169.  However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position.  *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250.  On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322–23.

## SURREPLY

As an initial matter, the Court finds that the Plaintiff's motion to file a surreply should be denied.  To the extent Cliffs' reply brief contained new arguments or raised new issues, the Court will disregard those arguments and issues.  The proposed surreply largely reiterates previous arguments regarding the level of control the Cliffs Defendants exercised over the Pinnacle Mine.

The facts and evidence supporting each party's position were presented in the initial briefing, and therefore the Court finds that no surreply is necessary.

## DISCUSSION

The Cliffs Defendants argue that they are entitled to summary judgment because they neither employed Mr. Ellis nor owned the premises of the Pinnacle Mine. They further argue that they are not vicariously liable for the acts or omissions of Pinnacle or its employees, and that they did not breach any duty owed to Mr. Ellis. Cliffs asserts that there is no evidence to support piercing the corporate veil. The Cliffs Defendants further argue that they did not control safety procedures at Pinnacle Mine.

The Plaintiffs assert that Cliffs owned the workplace—the Pinnacle Mine—and exercised ongoing control over safety at the mine, including the track haulage plan. They rely on West Virginia Code § 21-3-1 to support liability for the owner of an unsafe workplace.

West Virginia Code § 21-3-1 provides, as relevant: "Every employer and every owner of a place of employment, place of public assembly, or a public building, now or hereafter constructed, shall so construct, repair and maintain the same as to render it reasonably safe." W. Va. Code § 21-3-1. The West Virginia Supreme Court has explained:

> The employer's duty is directly related to employment activity—activity controlled by the employer—and the owner's duty is limited to providing a reasonably safe workplace, unless the owner continues to exercise control of the place of employment. When the owner of a place of employment provides a reasonably safe workplace and exercises no control thereafter, the owner has complied with the responsibilities imposed under *W.Va.Code* 21–3–1 [1937].

*Henderson v. Meredith Lumber Co.*, 438 S.E.2d 324, 326–27 (W. Va. 1993). The court has further held that "[t]he 'reasonably safe place to work' theory may not be used against the owner

6

of a place of employment when the owner exercises no control over the equipment provided by the contractor for use by the contractor's employees." Syl. pt. 9, *Kerns v. Slider Augering & Welding, Inc.*, 505 S.E.2d 611, 613 (W. Va. 1997).

Judge Copenhaver recently considered the application of the statute, and concluded that "the touchstone of ownership in this context is 'control' of the subject premises." *Grose v. W. Virginia Alloys, Inc.*, No. CV 15-3818, 2016 WL 2587190, at *4 (S.D.W. Va. May 4, 2016) (Copenhaver, J.). In *Grose*, Globe Metallurgical owned a 51% interest in WVAM, which owned and operated a plant where the plaintiff was injured. WVAM managers and safety personnel stated that they were subordinate to managers from Globe Metallurgical. *Id.* at *5. Though Globe Metallurgical was not the owner of the plant, Judge Copenhaver found that it was not entitled to summary judgment on the plaintiff's negligence claim under W. Va. Code § 21-3-1, based on evidence that "managers affiliated with Globe Metallurgical or its parent company, Globe Specialty, were closely involved in [safety and compliance] matters." *Id.* at *4.

Similarly, in the instant case, the Court finds that the Plaintiffs have met their burden of producing sufficient evidence of Cliffs' continuing role in monitoring safety and compliance at Pinnacle Mine to overcome the motion for summary judgment. Cliffs employees conducted trainings and inspections and reviewed citations and accident investigations. Mr. Walters testified that a management employee from Cliffs held a safety meeting discussing incidents of miners hitting or grazing their heads due to low clearance at the location of Mr. Ellis's accident. It is not clear which entity took responsibility for developing safety policies, including the track haulage plan, but there is some evidence that Cliffs reviewed and/or approved such policies before implementation. In addition, as in *Grose*, there is evidence that Pinnacle managers and safety

employees were subordinate to Cliffs' management employees. Clearly, there are genuine issues of material fact as to the Cliffs Defendants' role/control related to safety policies and practices affecting the accident site. Thus, the Court finds that the Cliffs Defendants are not entitled to summary judgment.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendants Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company LLC's Joint Motion for Summary Judgment* (Document 100) be **DENIED**. The Court further **ORDERS** that the *Motion for Leave to File Surreply in Opposition to Cliffs Natural Resources Inc., Cliffs North American Coal LLC, Cliffs Logan County Coal, LLC, Cliffs West Virginia Coal Inc., and Cliffs Mining Services Company's Motion for Summary Judgment* (Document 152) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 12, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA